# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

| | | |
|---|---|---|
| **ROBERT E. PERDUE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **V.** | ) | **No.: 3:07-CV-00105** |
| | ) | **JURY DEMANDED** |
| **COY L. BEST and RALPH L. BEST,** | ) | **PHILLIPS/SHIRLEY** |
| | ) | |
| **Defendants.** | ) | |

**ANSWER OF CINCINNATI INSURANCE COMPANY, UNINSURED/UNDERINSURED MOTORIST INSURANCE CARRIER, PURSUANT TO THE TENNESSEE UNINSURED/UNDERINSURED MOTORIST STATUTE**

Comes Cincinnati Insurance Company, Uninsured/Underinsured Motorist Insurance Carrier, and files its Answer pursuant to the Tennessee Uninsured/Underinsured Motorist Statute and for answer to the cause of action says:

1.    Cincinnati Insurance Company admits that a lawsuit has been filed by plaintiff against defendants.  Cincinnati Insurance Company has no knowledge concerning the merits of the claim or alleged damages and, accordingly, demands strict proof of all of the same.

2.    Cincinnati Insurance Company, upon information and belief, admits the allegations contained in Paragraphs 1, 2, and 3 of the Complaint.

3.    Cincinnati Insurance Company has no knowledge concerning the allegations contained in Paragraph 4 of the Complaint and demands strict proof.

4.    Upon information and belief, Cincinnati Insurance Company admits that plaintiff was driving his vehicle at the location and in the direction referred to in Paragraph 5 of the Complaint.  Further upon information and belief, Cincinnati Insurance Company admits that a collision occurred between a vehicle being operated by plaintiff and a vehicle being operated by defendant Coy L. Best.

5. Cincinnati Insurance Company has no knowledge concerning the allegations contained in Paragraph 6 of the Complaint and, accordingly, demands strict proof.

6. Cincinnati Insurance Company admits the existence of the statutes referred to in Paragraph 7 of the Complaint but has no knowledge concerning their applicability or violation and demands strict proof.

7. Cincinnati Insurance Company, upon information and belief, admits that defendant Coy L. Best was operating the vehicle in question with the permission of the owner, defendant Ralph L. Best. Cincinnati Insurance Company has no knowledge concerning the remaining allegations contained in Paragraph 8 of the Complaint and, accordingly, demands strict proof.

8. Cincinnati Insurance Company has no knowledge concerning the allegations contained in Paragraph 9 of the Complaint and, accordingly, demands strict proof.

9. Cincinnati Insurance Company asserts that it has a policy of insurance in effect that provides uninsured/underinsured motorist coverage for plaintiff Robert E. Perdue in this cause with applicable coverage limits in the amount of $100,000. Cincinnati Insurance Company further asserts all policy defenses as well as all defenses under the Tennessee Uninsured/Underinsured Motorist statute. Cincinnati Insurance Company moves that all issues respecting uninsured/underinsured motorist coverage be bifurcated from the trial in this cause.

10. All allegations in the Complaint not hereinabove admitted, denied or explained are here and now denied as fully and completely as if separately and specifically denied.

WHEREFORE, Cincinnati Insurance Company denies that it is indebted to the plaintiff in the sum sued for or any amounts and demands a jury to try this cause of action.

/s/ Richard W. Krieg_____
Richard W. Krieg, Esq. (BPR #000893)

LEWIS, KING, KRIEG & WALDROP, P.C.
One Centre Square

620 Market Street, Fifth Floor
P. O. Box 2425
Knoxville, Tennessee  37901
(865) 546-4646

Attorneys for Cincinnati Insurance Company,
  Uninsured/Underinsured Motorist Insurance Carrier

## CERTIFICATE OF SERVICE

I hereby certify that on this the 17th day of April, 2007, a copy of the foregoing ANSWER OF CINCINNATI INSURANCE COMPANY, UNINSURED/UNDERINSURED MOTORIST INSURANCE CARRIER, PURSUANT TO THE TENNESSEE UNINSURED/UNDERINSURED MOTORIST STATUTE was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. mail.  Parties may access this filing through the Court's electronic filing system.

/s/ Richard W. Krieg
Richard W. Krieg, Esq. (BPR #000893)